IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-40,442-06






EX PARTE BERNARDO R. DELEON, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 10-CR-3781-E IN THE 148TH DISTRICT COURT


FROM NUECES COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to possession with
intent to deliver a controlled substance pursuant to a plea agreement, and was sentenced to twenty
years' imprisonment. 

 Applicant contends that his trial counsel rendered ineffective assistance because counsel
failed to timely file a notice of appeal or advise Applicant concerning his right to appeal. Although
Applicant pleaded guilty pursuant to a plea agreement and the trial court sentenced Applicant in
accordance with that agreement, Applicant had filed and obtained a ruling on a motion to suppress
evidence before he pleaded guilty. The trial court certified that Applicant had the right to appeal
from matters raised by written motion filed and ruled on before trial and not withdrawn or waived.

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 668 (1984); Ex parte Patterson, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999); Ex parte
Axel, 757 S.W.2d 369 (Tex. Crim. App. 1988). Although the State agrees that Applicant should be
granted an out-of-time appeal, and states in its response that trial counsel was contacted and stated
that he did not consult with or advise Applicant concerning direct appeal, this Court generally affords
counsel the opportunity to respond personally to such allegations before being found ineffective. 
Therefore, the trial court shall order counsel to respond to Applicant's claim of ineffective assistance
of counsel. The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d).

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law as to whether Applicant
was denied his right to a meaningful appeal because Applicant's counsel failed to timely file a notice
of appeal, or failed to advise Applicant regarding his right to appeal. The trial court shall also make
any other findings of fact and conclusions of law that it deems relevant and appropriate to the
disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court. 


Filed: May 15, 2013

Do not publish